| | | |
|---|---|---|
| STEVEN E. KNIGHTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. |
| | ) | |
| CITY OF PLATTE CITY, MISSOURI | ) | JURY TRIAL DEMANDED |
| Serve: | ) | |
| Dennis J. Gehrt | ) | |
| City Administrator | ) | |
| City Hall | ) | |
| 400 Main Street | ) | |
| Platte City, Missouri 64079 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OFC. DAVID WHITE | ) | |
| Serve at Place of Employment: | ) | |
| Platte City Police Department | ) | |
| 355 Main Street | ) | |
| Platte City, Missouri 64079 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Steven E. Knighton and for his Complaint against the

Defendants who are sued in their individual and official capacities states the following:

## INTRODUCTION

1.      Plaintiff Steven E. Knighton seeks judgment against Defendants for violation of his

rights under the Fourth and Fourteenth Amendments to the Constitution of the United

States and 42 U.S.C. §§ 1983 and 1988; violation of his rights under the Missouri

Constitution; and Missouri's negligence law. Plaintiff also seeks judgment against

Defendant City of Platte City, Missouri for implicitly or explicitly adopting and

implementing policies, customs, or practices that included, among other things, allowing

officers with no or inadequate training to assess the conditions, including right to be free

from the use of excessive force; and for its unconstitutional policies, customs and/or

practices. These policies, customs, or practices and/or failure to have the same reflected a deliberate indifference to Plaintiff.

## JURISDICTION AND VENUE

2. This action is brought, in part, pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights; jurisdiction is therefore appropriate under 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. The claims asserted herein arose in the Western District of Missouri, Platte County, City of Platte City and venue is therefore proper in this Court.

## PARTIES

5. Plaintiff is and at all times relevant herein a resident and citizen of Platte City in Platte County, Missouri.

6. Defendant City of Platte City, Missouri ("City") is a political subdivision of the State of Missouri and operates the Police Department, located in Platte City, Platte County, Missouri. It may be served through is City Administrator, Dennis J. Gehrt at City Hall, 400 Main Street, Platte City, Missouri 64079.

7. Defendant City is the political subdivision of the State of Missouri that is responsible for the injuries and damages suffered by Plaintiff, which was caused by the intentional acts and/or failures to act of the duly appointed officers of the City, who were acting by virtue of or under color of the office at the time, as well as the negligent acts and/or omissions of each and every other Defendant, who were employees and/or agents of said city, and were acting within their scope of employment.

8. At all times relevant hereto, upon information and belief, Defendant David White was a citizen and resident of Platte County, Missouri and was acting in his capacity as a

2

Police Officer, employed by City and acting under the color of State law at the time of Plaintiff's arrest. He is hereby sued in his individual capacity. He may be served at this place of employment located at the Platte City Police Department, 355 Main Street, Platte City, Missouri 64079.

9.      Defendant City has established and/or delegated to Defendant employees of the Police Department the responsibility of establishing and implementing policies, practices, procedures and customs in providing the detention, medical care, medical screening, safety screenings and appropriate monitoring of individuals similarly situated as Plaintiff; and for implementing policies, practices, procedures, and/or customs for training other officers in these matters.

10.      All negligent and/or intentional acts and/or omissions which caused the injuries and damages suffered by Plaintiff occurred while he was in the custody of the City police located in Platte City, Platte County, Missouri.

11.      All negligent and/or intentional acts and/or omissions which caused the injuries and damages suffered by Plaintiff occurred while he was detained by the City police located in Platte City, Platte County, Missouri.

12.      These causes of action arose under the 4th and 14th Amendments of the U.S. Constitution and 42 USC §§ 1983 and 1988, under the Constitution of the State of Missouri and under Missouri common law for negligence.

13.      Each of the intentional and/or negligent acts and/or omissions complained of herein which cause the injuries and damages suffered by Plaintiff occurred on or about August 13, 2019, while in the care, custody and control of Defendants.

**FACTS**

14.      On or about August 13, 2019, at approximately 2029 hours, Defendant White was

contacted by Dana Obermeyer regarding Plaintiff, who was her boyfriend, stealing her purse.

15. Plaintiff and Dana Obermeyer reside in the same residence located in Platte City, Platte County, Missouri.

16. Defendant White conducted a canvass of the area finding Plaintiff in his vehicle and stopping him.

17. Upon locating Plaintiff, Defendant White requested Ms. Obermeyer's purse and Plaintiff complied.

18. Following the return of Ms. Obermeyer's purse to Defendant White, Plaintiff returned to the residence and began watching television in a back room of the residence.

19. Defendant White then proceeded to Plaintiff and Ms. Obermeyer's residence and returned her purse.

20. At the time Ms. Obermeyer's purse was returned, Plaintiff was also present at the residence.

21. While Defendant White was at the residence, Ms. Obermeyer then informed Defendant White that Plaintiff had taken her juvenile children's property as well and the property was located in Plaintiff's vehicle.

22. Ms. Obermeyer is the mother of said juvenile children and Plaintiff is their father.

23. Defendant White asked the children to describe their property and they identified it in the rear seat of Plaintiff's vehicle.

24. Defendant White then entered the residence, without obtaining permission from either Plaintiff, Ms. Obermeyer or any other person with authority to grant Defendant White such permission, and requested Plaintiff unlock his vehicle so the children could retrieve

their property.

25. Plaintiff declined Defendant White's request.

26. Defendant White then handcuffed Plaintiff inside the residence with one pair of handcuffs arresting him for stealing.

27. Defendant White and another officer took Plaintiff from the residence and walked him outside.

28. Defendant White told Plaintiff to walk to his patrol car and while walking to the same, Plaintiff stiffened his arms due to the pain associated with the improperly applied handcuffs.

29. Defendant White and another officer then took control over Plaintiff and moved him to the patrol car.

30. Defendant White then placed Plaintiff in his patrol car which was not running and was not air conditioned.

31. Defendant White opened Plaintiff's vehicle to get the property out of it.

32. Defendant White suffered superficial injuries to his lower arm while taking control of Plaintiff and, as such, an ambulance was called to the residence and Defendant White's injuries were treated at the scene.

33. Defendant White then took Plaintiff to the Platte City Jail for processing.

34. Plaintiff remained handcuffed, with a single pair of handcuffs behind his back, while seated in Defendant White's patrol car for an unreasonably long amount of time in excess of one hour.

35. On two separate occasions, while handcuffed in Defendant White's patrol car, Plaintiff informed Defendant White that his wrists and arms were in pain and going numb

and requested and pleaded with Defendant White to loosen the same, however, Defendant White failed and refused to do the same.

36. Defendant White knew given Plaintiff's height and size how to properly handcuff Plaintiff but disregarded his safety by only using one pair of handcuffs.

37. Defendant White, individually and in concert with others intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Plaintiff by improperly handcuffing him causing injuries to his right wrist including but not limited to a superficial radial nerve branch crush injury.

38. Defendant White, individually and in concert with others through the policies and procedures instituted by Defendant City fostered an environment which led to the deliberate indifference of Plaintiff in contravention of his civil rights.

39. Defendant City was negligent in its supervision of Defendant White and the employees and/or officers therein.

40. Each of the Defendants, individually and in concert with one another, acted under the color of State law in both individual and official capacities to deprive Plaintiff of his rights secured to Plaintiff by the 4th and 14th Amendments to the Constitution of the United States and by 42 U.S.C. §1983.

41. As a direct and proximate result of the actions of all Defendants described above, Plaintiff has damages and suffered injuries to his right wrist including but not limited to a superficial radial nerve branch crush injury

42. All of the aforementioned actions demonstrate that Defendants' actions were reckless and/or callously indifferent to Plaintiff's rights so as to justify consideration by the trier of fact of aggravating circumstances in determining the amount of damages to be allowed.

43. Plaintiff is entitled to compensation for violations of his constitutional rights that all Defendants inflicted upon him, including but not limited to all damages suffered during the excessive force used during his arrest causing Plaintiff nerve damage; pain and suffering; lost wages; lost earning capacity; medical expenses and future medical expenses; attorney's fees; and punitive damages.

<u>**COUNT 1:**</u>
<u>**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**</u>
<u>**Against Defendant White**</u>

44. Plaintiff hereby incorporates by reference the allegations made in each preceding paragraphs as if each were set forth herein.

45. The Fourth Amendment prohibits the use of excessive force in circumstances which do not pose an immediate threat of serious bodily injury and/or death.

46. The conduct of Defendant White as identified in this count and described herein constituted excessive force in violation of the Fourth Amendment of the United States Constitution and clearly established law.

47. At all relevant times, Defendant White was acting under color of state law, as an agent of Defendant City, and within the scope of his employment and authority as duly-certified law enforcement officer of the City.

48. At all relevant times, Defendant White was acting in his capacity as a Police Officer and directly participated in violating Plaintiff's federal rights. Defendant White is therefore liable in both his individual and supervisory capacities.

49. At all relevant times while Plaintiff was detained and handcuffed, Defendant White did not have a reasonable fear of imminent bodily harm, nor did Defendant White have a

reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff.

50. Defendant White's use of excessive force in applying one set of handcuffs on Plaintiff was objectively unreasonable and violated clearly established law given Plaintiff's height and size.

51. As a result of Defendant White's unjustified, excessive, and illegal use of force, Plaintiff experienced conscious pain and suffering and injuries to his right wrist including but not limited to a superficial radial nerve branch crush injury

52. In committing the acts complained of herein, Defendant White acted under color of State law to show deliberate indifference to Plaintiff by his use of excessive force and in deprivation of Plaintiff's rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

53. As a direct and proximate result of the violation of Plaintiff's constitutional rights by the Defendant White, Plaintiff suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. § 1983.

54. The conduct of the Defendant White was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays this Court:

A. Enter judgment in favor of Plaintiff and against Defendant White;

B. Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendant White;

C. Award Plaintiff punitive damages;

D.	Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E.	Allow such other relief as the Court deems just and proper including but not limited to lost wages; lost earning capacity; medical expenses and future medical expenses.

**COUNT 2:**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Failure to Implement Appropriate Policies, Customs, and**
**Practices and Failure to Train, Supervise and Retain)**
**Against Defendant City**

55.	Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

56.	From the time Plaintiff was in custody, Plaintiff's constitutional rights were deliberately disregarded and violated resulting in injury.

57.	A reasonable officer in Defendant White's position would have understood that using excessive force and failing to properly handcuff Plaintiff violated his constitutional rights.

58.	Defendant City's policy, custom and/or practice resulted in deprivation of Plaintiff's constitutional violations.

59.	Defendant City failed to properly train or modify its training to Defendant White and its other officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers.

60.	Effectuating an arrest, using force to effectuate an arrest, and intervening in the use of force is a usual and recurring situation with which Defendant City's law enforcement officers and other agents encounter on a regular basis.

9

61. With deliberate indifference to the rights of citizens, Defendant City failed to provide adequate training to its officers and/or personnel for the use of restraint(s).

62. Defendant City was aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training and the failure to modify its training.

63. As such, Defendant City was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

64. The failure to train and/or to appropriately modify training constituted official Defendant City's policies, practices, or customs.

65. Defendant City's failure to train and/or to modify training was behind the acts and omissions Defendant White made toward Plaintiff.

66. Defendant City's failure to have an adequate policy, custom and/or practice resulted in the violation of Plaintiff's constitutional rights. Defendant City developed and maintained policies, customs and practices exhibiting deliberate indifference to Plaintiff's constitutional rights.

67. Alternatively, Defendant City failed to have adequate policies, customs, and practices to protect an arrestee/detainee's constitutional rights.

68. Defendant City developed policies, customs, and practices violating Plaintiff's constitutional rights in failing to properly handcuff when needed and provide for his safety.

69. Defendant City failed to train, supervise, and retain staff on the rights of an arrestee/detainee, thereby demonstrating a deliberate indifference to Plaintiff.

70. This failure to train amounts to a deliberate indifference to the rights of persons whom Defendant City's personnel come into contact with, including Plaintiff.

71. Upon information and belief, Defendant City appointed officers and/or personnel, who were not licensed and/or adequately trained professionals, to properly handcuff

individuals, including Plaintiff.

72.     Upon information and belief, Defendant White was inadequately trained and supervised by Defendant City.

73.     On August 13, 2019, Plaintiff was under the care, custody, and control of Defendant White, during which time, and at all times, he was improperly handcuffed, a fact which Defendant City, through its agents and employees knew, but failed to provide proper handcuffing to prevent injury.

74.     Defendant City implicitly or explicitly adopted and implemented policies, customs, or practices that included, among other things, allowing officers and/or personnel with no or inadequate training to use excessive force including but not limited to improper handcuffing/restraint, which policies, customs, or practices reflected a deliberate indifference to Plaintiff

75.     The failure of Defendant City to implement policies and procedures amounts to deliberate indifference to Plaintiff.

76.     At the time of the above-described events, it was the custom or policy of Defendant City to inadequately supervise and train its officers and/or personnel, thereby evidencing a deliberate indifference to Plaintiff's constitutional rights.

77.     The need for training on the rights of detainees is obvious, and the lack of training was so inadequate that it was likely to result in violating the rights of inmates, including Plaintiff.

78.     Defendant City's failure to supervise officers and/or personnel constituted a tacit authorization of the offensive acts.

79.     In committing the acts complained of herein, Defendant City acted under color of State law to show deliberate indifference in the use of excessive force and in deprivation of

Plaintiff's rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

80.     As a direct and proximate result of the violation of Plaintiff's constitutional rights by Defendant City, Plaintiff suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. §1983.

81.     The conduct of the Defendant City was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays this court:

A.      Enter judgment in favor of Plaintiff and against Defendant City;

B.      Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendant City;

C.      Award Plaintiff punitive damages;

D.      Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E.      Allow such other relief as the Court deems just and proper including but not limited to lost wages; lost earning capacity; medical expenses and future medical expenses.

### COUNT 3:
### Negligence
### Against Defendant White

82.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

83.     Defendant White owed a duty to ensure the safety of detainees, specifically Plaintiff.

84. Defendant White breached his duty of care in his use of excessive force in the arrest of Plaintiff by failing to properly handcuff Plaintiff.

85. As a direct and proximate result of the aforementioned negligence of Defendant White, Plaintiff was injured and caused to suffer conscious pain and suffering including but not limited to a superficial radial nerve branch crush injury.

86. Plaintiff suffered physical and mental pain which is an item of damage to be considered and awarded.

87. Defendant White's conduct in this case, as set forth in the Complaint constitutes aggravating circumstances within the meaning of the laws of the State of Missouri. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Plaintiff, or others similarly situated, and was done with such reckless or callous indifference and conscious disregard for safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendant White, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

**INJURIES AND DAMAGES**

88. Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

89. As a direct and proximate result of the deliberate indifference to Plaintiff, he suffered great physical pain and mental anguish as a result of injuries to his right wrist including but not limited to a superficial radial nerve branch crush injury.

90. As a direct and proximate result of the Defendants' deliberate indifference to

Plaintiff, he suffered injuries to his right wrist including but not limited to a superficial radial nerve branch crush injury, and with it the loss of income, future earning capacity and enjoyment of life.

91.     Plaintiff is entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted a deliberate indifference to Plaintiff in violation of his civil rights pursuant to 42 U.S.C. § 1983 by Defendants.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial by jury on all of the above issues, costs herein incurred, fees where appropriate, and for such relief as is deemed appropriate by the Court.

Respectfully submitted,

LAUREN ALLEN, LLC

/s/ *Lauren Perkins Allen*
Lauren Perkins Allen
Missouri Bar #49845
4717 Grand Ave., Ste. 130
Kansas City, Missouri 64108
T:  816.877.8120
F:  816.817.1120
Email:  lpa@laurenallenllc.com

ATTORNEY FOR PLAINTIFF